# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARIO HAIRSTON,**

    **Plaintiff,**

**v.**                                   **Civil Action No. 2:17cv61**
                                           **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 25, 2017, the *pro se* Plaintiff, initiated this case by filing a one-page letter which was docketed as a complaint pursuant to the Federal Tort Claim Act ("FTCA"). On May 10, 2017, Plaintiff re-filed his complaint on the court approved form and submitted a Motion for Leave to Proceed *in forma pauperis*, together with a Prisoner Trust Account Report and ledger sheets. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915.

### II. THE COMPLAINT

In his complaint, Plaintiff alleges that on or about March 15, 2016, staff at USP Hazelton packed up his personal property and shipped it to a street address. Plaintiff maintains that one of the boxes was returned to him , but the other was not. Plaintiff further alleges that when, as part of the grievance process, his property was tracked, the

investigation revealed that staff at USP Hazelton sent his property to the wrong address.[1] Plaintiff alleges that he has been without his clothing, shoes and legal materials for over one year, and he cannot afford to replace them. For relief, Plaintiff is seeking reimbursement in the amount of $1509.25 for his lost property plus reimbursement for postage, copies and filing fees associated with this case. Plaintiff sought reimbursement under Small Claims for Property Damage or Loss (31 U.S.C. § 3723). ECF No. 1-2 at 1. The claim was received by the Mid-Atlantic Regional Office on October 13, 2016. ECF No. 1-2 at 1. The letter acknowledging receipt informed Plaintiff that the BOP had six months to review, consider and adjudicate the claim. ECF No. 5-1. Plaintiff alleges that he never received any further correspondence, and accordingly, filed this matter after the six months expired.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the

---

[1] In fact, Plaintiff has attached his response from his administrative grievance to the regional office. The response indicates:
> An investigation into this matter reveals staff at USP Hazelton shipped 2 boxes of property, however, they were sent to a street address instead of FCI Bennettsville. One of the boxes was refused and returned to USP Hazelton, once it was received; it was shipped to FCI Bennettsville and returned to you. The other box was delivered the street address according to United Parcel Service (UPS); however, this box was not refused nor returned to UPS or USP Hazelton.

ECF No. 5-1 at 3.

Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual

---

[2] Id. at 327.

under like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 2674 & 1346(b)(1); <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001).

The FTCA includes specific enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end. <u>Smith v. United States</u>, 507 U.S. 197 (1993); <u>Dalehite</u>, *supra*.

§ 2680(c) of the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. <u>Andres v. United States</u>, 441 F.3d 220, 227 (4th Cir. 2006).

However, in 2008, the United States Supreme Court determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. <u>Ali v. Fed. Bureau of Prisons</u>, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).[3]

In <u>Ali</u>, the Supreme Court did not address the specific types of BOP action that may

---

[3]In <u>Ali</u>, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

4

or may not constitute a "detention" of property under § 2680(c). However, in the years since Ali was decided, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case. See Barrett v. United States, No. 5:14cv10, 2014 WL 4084187, at (N.D. W. Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office); aff'd per curiam, 585 F. App'x 49 4th Cir. 2014)' Perkins v. Deboo, No. CIV. A. 1:08CV225, 2009 WL 1650443, at (N.D. W. Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was actually lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, Bo. C/A 8:05-30000-MBS, 2008 WL 2922798, at *1(D.S.C. July 24, 2008) (granting a motion to dismiss a claim involving property that was allegedly lost during a transfer). Accordingly, upon consideration of the circumstances presented in this case, the Plaintiff's claim that prison officials negligently mailed his personal property to a wrong address, the undersigned concludes that the Plaintiff's complaint should be dismissed.

In addition, the undersigned notes that Plaintiff pursued his administrative claim against the BOP pursuant to 31 U.S.C. § 3723, which provides that the "head of an agency... may settle a claim for not more than $1000 for damage to, or loss of, privately owned property that . . .  Is caused by the negligence of an officer or employee of the United States Government acting with the scope of employment . . . ." 31 U.S.C. § 3723(a) This statute is part of the Military Personnel and Civilian Employees' Claim Act ("MPCECA"), and courts have long held that the statute was written in such a way as to

make the agency's determination of claims final and conclusive, with no provision for review by the federal courts. See Merrifield v. United States, 14 Cl. Ct. 180, 183-84 (1988); See also Cook v. United States, No. 0:11-320-RMG-PJG, 2012 WL 384887, at (D.S.C. Jan. 6, 2012) (personal property claims against the BOP was governed by 31 U.S.C. § 3723 and the government's decisions regarding these claims are not subject to judicial review) (citing Merrifield and 31 U.S.C. § 3721(k)); Oriakhi v. United States, Civ. A. No. 08-3716 (NLH)(AMD), 2009 WL 1066109, at *1 (D.N.J. April 20, 2009) (same).

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The undersigned further recommends that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 6] be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation

to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: May 24, 2017

                                        */s James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE