## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**MARIO HAIRSTON,**

       Plaintiff,

v.

                                **CIVIL ACTION NO. 2:17-CV-61**
                                **(BAILEY)**

**UNITED STATES OF AMERICA,**

       Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the

Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc.

9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge

Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate

Judge Seibert filed his R&R on May 24, 2017, wherein he recommends this Court dismiss

the plaintiff's Complaint with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Plaintiff timely filed his Objections [Doc. 11] on June 9, 2017. Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Discussion

Plaintiff's Complaint alleges that staff at USP Hazelton shipped some of his personal belongings to the wrong address and they were lost [Doc. 5]. Plaintiff seeks reimbursement for his lost property pursuant to the Federal Tort Claims Act.

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." **Medina v. United States**, 259 F.3d 220, 223 (4th Cir. 2001). As noted in the R&R, the FTCA includes specific exceptions in 28 U.S.C. § 2680 for which the United States may not be sued. That provision expressly preserves sovereign immunity for "[a]ny claim arising in respect of . . . the detention of goods, merchandise, or other property by any officer or customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(a). In **Ali v. Fed. Bureau of Prisons**, 2008 WL 169359 (Jan. 22, 2008), the United States Supreme Court held that torts committed by all federal law enforcement officers, specifically those employed by the Federal BOP are entitled to sovereign immunity.

In a strikingly similar case, Judge Frederick P. Stamp, Jr. dismissed an FTCA claim

2

against the United States where the plaintiff, a prisoner at USP Hazelton, alleged that he too lost personal property because a correctional officer failed to secure the same in his cell after escorting him to the CO's office. *Barrett v. United States*, 2014 WL 4084187 (Aug. 19, 2014 N.D. W.Va)(Stamp, J.), *aff'd* 585 Fed.Appx. 49 (4th Cir. 2014). Citing *Ali*, Judge Stamp found that the Court lacked jurisdiction to hear the plaintiff's claim because the loss of personal property detained by a BOP officer is an exempted FTCA claim.

The plaintiff's Objections [Doc. 11] are simply a brief rehashing of the above and do not specifically object to any factual or legal findings or conclusions in the R&R. He simply asserts again that prison staff mailed his belongings to the wrong address, he would like counsel appointed, and that he requests reimbursement for his lost property.

The law is clear, however, that this Court lacks jurisdiction and plaintiff is not entitled to any relief. Accordingly, the plaintiff's Objections [Doc. 11] are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 11] are OVERRULED**. Accordingly, this Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. The Motion for Leave to Proceed *in forma pauperis* **[Doc. 6]** is **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

3

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** June 15, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE